IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN K. ROBERTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-1934-G-BN |
| | § | |
| MIDFIRST BANK; MIDLAND | § | |
| MORTGAGE, A DIVISION OF | § | |
| MIDFIRST BANK, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER NOTICING DEFICIENCY</u>

Defendant MidFirst Bank and Midland Mortgage, a Division of MidFirst Bank,

a single entity, removed this lawsuit filed in a Dallas County, Texas state court based

on the Court's diversity subject-matter jurisdiction. *See* Dkt. No. 1.

Senior United States District Judge A. Joe Fish referred the removed lawsuit

to the undersigned United States magistrate judge for pretrial management under

28 U.S.C. § 636(b) and a standing order of reference.

The Court enters this order because it is not apparent to the undersigned that

subject-matter jurisdiction under 28 U.S.C. § 1332 has been alleged and to allow

MidFirst an opportunity to amend the notice of removal by **July 17, 2026** to avoid

the undersigned recommending that the Court remand this lawsuit to state court.

A defendant may remove an action filed in state court to federal court if the

action is one that could have originally been filed in federal court. *See* 28 U.S.C. §

1441(a).

But the federal courts' jurisdiction is limited, so they generally may only hear

a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

Because MidFirst chose to remove this lawsuit to federal court, it undertook the burden to establish federal jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)).

And "[a]ssertions that are conclusory are insufficient to support an attempt to establish subject-matter jurisdiction." *Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) (cleaned up).

Under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

As to Plaintiff Ryan K. Roberts, MidFirst alleges that, "[b]ased upon Plaintiff's Complaint, Plaintiff is a resident and citizen of Dallas County, Texas. Plaintiff is an individual, and individuals are citizens of the place in which he/she is domiciled. Per the Complaint, Plaintiff is domiciled in Bexar County, Texas and is therefore a citizen of Texas for diversity purposes." Dkt. No. 1, ¶ 8 (citations omitted).

These allegations are internally inconsistent, and the undersigned cannot agree that they provide a complete statement of the law.

"For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent

home." *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). And,

> [i]n *Coury v. Prot*, the [United States Court of Appeals for the] Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251 (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* (citations omitted).

*Union Pac. R.R. Co. v. Nuefuel TX LLC*, No. 3:23-cv-1206-L, 2024 WL 2970013, at *1 (N.D. Tex. June 11, 2024).

So "[a]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)); *accord J.A. Maters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (per curiam).

And, where Roberts merely alleges that he "is an individual residing in Dallas County, Texas," Dkt. No. 1-5 at 2, MidFirst may not rely on that allegation alone to plausibly allege that Roberts is domiciled in Texas.

So the undersigned finds that MidFirst has – so far – not carried its burden to show that there is federal subject-matter jurisdiction, subjecting this lawsuit to *sua sponte* remand. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (noting that "[t]he [removal] statute declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded" (emphasis in original)).

Still, remand is not required if MidFirst is able to amend its notice of removal

"to set forth more specifically the jurisdictional grounds for removal." *A & C Disc. Pharmacy L.L.C. v. Prime Therapeutics LLC*, No. 3:16-cv-429-D, 2016 WL 3194332, at \*4 (N.D. Tex. June 9, 2016) ("A defendant may freely amend a notice of removal within the 30-day period set out in 28 U.S.C. § 1446(b). Thereafter, a defendant may amend only to set forth more specifically the jurisdictional grounds for removal that were imperfectly stated in the original notice." (citations omitted)).

But, if MidFirst fails to do so by **July 17, 2026**, the undersigned will recommend that the Court *sua sponte* remand this lawsuit to the Dallas County state court from which it was removed.

SO ORDERED.

DATE: June 17, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 4 -